UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Civ. A. No. 25-0817 (TJK) |

## **ANSWER**

Defendant, the United States Department of Education ("Defendant"), by and through undersigned counsel, hereby responds to the Complaint of Plaintiff National Student Legal Defense Network (ECF No. 1) alleging violations of the Freedom of Information Act ("FOIA").

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

## INTRODUCTION[1]

1. Paragraph 1 consists of Plaintiff's characterization of the nature of this action. To the extent a response is required, Defendant admits that Plaintiff brings this action seeking to compel the release of records responsive to requests for information that Plaintiff submitted to Defendant.

## JURISDICTION AND VENUE

2. Paragraph 2 contains statements of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over this action, subject to the terms and limitations of FOIA.

3. Paragraph 3 contains statements of law regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this district for a properly stated FOIA claim.

4. Paragraph 4 asserts conclusions of law to which no response is required. To the extent a response is required, Defendant admits that, as of the date of the Complaint, Defendant has not provided any determination regarding Plaintiff's FOIA request but denies any wrongdoing.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendant admits that it is an agency of the federal government. The second sentence of Paragraph 6 is a legal conclusion to which no response is required.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

**STATEMENT OF FACTS**

7. Defendant admits it received a FOIA request from Plaintiff on or about January 24, 2025. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies the remaining allegations to the extent they are inconsistent therewith.

8. This paragraph contains allegations concerning background context that are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, the Court should strike such allegations as immaterial and impertinent pursuant to Rule 12(f). To the extent a response is required, Defendant refers the Court to the records referenced in this paragraph for their true and complete contents and denies all allegations that are inconsistent therewith.

9. Defendant admits and respectfully refers the Court to this acknowledgment for a complete and accurate description of its contents and denies any allegations in this paragraph inconsistent therewith.

10. Defendant admits and respectfully refers the Court to this update for a complete and accurate description of its contents and denies any allegations in this paragraph inconsistent therewith.

11. Defendant admits and respectfully refers the Court to this letter for a complete and accurate description of its contents and denies any allegations in this paragraph inconsistent therewith.

12. Defendant admits that, as of the date of the Complaint, it had not had further communications with Plaintiff regarding this request.

**Exhaustion of Administrative Remedies**

13. Defendant admits only that, as of the date of the Complaint, it has not notified Plaintiff of any determination or produced any records. The remaining allegations in Paragraph 13

consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

14. This paragraph asserts conclusions of law to which no response is required.

15. This paragraph asserts conclusions of law to which no response is required.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

16. Defendant incorporates by reference its responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Paragraph 17 consists of legal conclusions to which no response is required.

18. Defendant admits that it is an agency subject to FOIA. The remaining allegations of Paragraph 18 consists of legal conclusions to which no response is required.

19. Paragraph 19 consists of legal conclusions to which no response is required.

20. Paragraph 20 consists of legal conclusions to which no response is required.

21. Paragraph 20 consists of legal conclusions to which no response is required.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

22. Defendant incorporates by reference its responses to Paragraphs 1 through 21 as if fully set forth herein.

23. Paragraph 23 consists of legal conclusions to which no response is required.

24. Defendant admits that it is an agency subject to FOIA. The remaining allegations of Paragraph 24 consists of legal conclusions to which no response is required.

25. Paragraph 25 consists of legal conclusions to which no response is required.

26. Paragraph 26 consists of legal conclusions to which no response is required.

27. Paragraph 27 consists of legal conclusions to which no response is required.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA. 5 U.S.C. § 552.

### Second Defense

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA. 5 U.S.C. § 552(b).

### Third Defense

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Fourth Defense

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

### Fifth Defense

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging

information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: May 21, 2025                                Respectfully submitted,

                                                   JEANINE FERRIS PIRRO
                                                   United States Attorney

                                                   By: /s/ *M. Jared Littman*
                                                       M. Jared Littman
                                                       Assistant United States Attorney
                                                       U.S. Attorney's Office, Civil Division
                                                       601 D Street, NW
                                                       Washington, D.C. 20530
                                                       (202) 252-2523
                                                       Jared.Littman@usdoj.gov

                                                   *Attorneys for the United States of America*